UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, and the
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                    Petitioners,                    15-cv-3812 (PKC)

      -against-                        ORDER

JALT CONCRETE CORP.,

                    Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On May 18, 2015, petitioners commenced this proceeding against Jalt Concrete

Corp. ("Jalt") to confirm a March 10, 2015 Arbitration Award issued by Arbitrator Roger E.

Maher.  (Docket # 1.)  The petitioners are trustees of multiemployer labor-management trust

funds (the "Funds") organized under ERISA, and fiduciaries within the meaning of ERISA.  See

29 US.C. § 1002(21).  The Funds and Jalt entered into a Collective Bargaining Agreement

("CBA") on July 1, 2011, effective through June 30, 2015.  (Pet. Ex. B)  Among other things,

the CBA required Jalt to make fringe benefit contributions to the funds, permit the Funds to audit

Jalt's contributions, and to arbitrate any disputes arising under the CBA.  In January 2015, the

Funds commenced arbitration proceedings against Jalt based on Jalt's refusal to permit the Funds

to inspect company books and records, and the arbitrator found in favor of the Funds.  (Pet. Ex. C.)

The Funds effectuated service of the Petition on Jalt pursuant to New York Business Corporation Law § 306, by delivering a copy of the summons and Petition to the Secretary of State for the State of New York.  (Docket # 6.)  Jalt has not appeared.  On June 4, 2015, petitioners filed a Memorandum of Law in support of their petition, and Jalt filed no papers in opposition.  (Docket # 7.)  On July 9, 2015, the Funds separately wrote to the Court noting that Jalt had submitted no opposition.  (Docket # 8.)

A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).  Summary judgment is appropriate where the record reveals that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see McElwee v. County of Orange, 700 F.3d 635, 640 (2d. Cir. 2012).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co, 462 F.3d at 110.  "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  Id.

The underlying dispute between the parties arose when the Funds attempted to conduct an audit of Jalt for the period of November 11, 2008 through November 5, 2013, and Jalt refused to submit to the audit.  (Pet. ¶ 17.)  The CBA constituted a valid agreement to arbitrate issues relating to Jalt's contributions to petitioner's benefits funds.  It provided that if "any dispute or disagreement arise between the parties hereto, or between the Union and any

- 2 -

Employer signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . ."  (CBA Art. XV § 7.)

On January 30, 2015, the Funds forwarded to Jalt by certified mail a demand and notice of intent to conduct an arbitration before arbitrator Roger E. Maher for delinquent fringe benefits contributions and other contributions owed from November 11, 2008 through November 5, 2013.  (Pet. Ex. C.)  After proper notice to the parties, the arbitrator held a hearing on March 5, 2015.  (Pet. Ex. C, D.)  No representative appeared on behalf of Jalt, and the arbitrator found Jalt in default.  (Pet. Ex. D at 2.)  The arbitrator received evidence from the Funds that Jalt had refused to allow the Funds to inspect the company's books and records in order to verify that all contributions had been paid, as required by the CBA.  (Pet. Ex. D at 2.)  The arbitrator received into evidence a report by the Funds, which found that Jalt had failed to make $457,460.80 in required contributions.  (Pet. Ex. D at 2.)  The arbitrator found that Jalt had breached the CBA by refusing to permit the Funds to examine its books and records.  (Pet. Ex D at 2.)  He found that Jalt was obligated to pay the Funds $457,460.80 in unpaid contributions, $86,270.93 in interest, $91,492.16 in liquidated damages, $2,364.40 to a promotional fund, $400 in court costs, $1,500 in attorneys' fees and $500 in arbitrator fees, for a total of $638,988.29, with interest accruing at the rate of 5.25% per annum thereafter.  (Pet. Ex. D at 3.)  To date, Jalt has made no payments under the Award (Pet. ¶ 22), and has not moved to vacate, amend or modify any part of the award.

The Court concludes that the Arbitration Award of Roger E. Maher dated March 10, 2015 is based in fact and law, and the Award is hereby confirmed in all respects.

Additionally, the text of ERISA, 29 U.S.C. § 1132(g), and Article XV, section

6(a) of the CBA permit petitioners to recover costs and attorneys' fees incurred in bringing this action.  The Funds have submitted time records showing that they billed $2,660 for 10.9 hours of work in this matter, with attorney rates of $225 and $250 an hour; incurred $400 in court filing fees; and incurred $67.50 in service-related fees.  (Pet. Ex. E)  These sums are reasonable, and the Funds are entitled to $3,067.50 in attorneys' fees and costs.

CONCLUSION

    The petition to confirm the Arbitration Award is GRANTED.  The Funds are awarded $457,460.80 in unpaid contributions, $86,270.93 in interest on unpaid contributions, $91,492.16 in liquidated damages, $2,364.40 to the petitioners' Promotional Fund, $400 in court costs, $1,500 in attorneys' fees, $500 in arbitrator fees, and interest in the amount of 5.25% per annum on the total sum of the Award, accruing from the date of the Award.  The Funds are also awarded $3,067.50 in attorneys' fees and costs.

    The Clerk is directed to enter judgment for the Funds and to close the case.

    SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 23, 2015